```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| **FAUSTO MORAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-13673** |
| **AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA** | **SECTION: "B"(1)** |

## ORDER AND REASONS

Before the Court are defendant American Bankers Insurance Company of Florida's ("ABICF") motion for summary judgment (Rec. Doc. 13), plaintiff Fausto Moran's opposition (Rec. Doc. 19), and ABICF's reply (Rec. Doc. 21). For the reasons discussed below,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED**.

**FACTS AND PROCEDURAL HISTORY**

ABICF, as a Write Your Own ("WYO") company, issued a standard flood insurance policy ("SFIP") to plaintiff pursuant to the National Flood Insurance Program ("NFIP"). *See* Rec. Doc. 13-1 at 4. The SFIP extended for the period of March 3, 2017, to March 3, 2018, and covered plaintiff's property located at 2638 Saint Ann Street, New Orleans, Louisiana, 70119 ("the Property"). *See id*. The SFIP required plaintiff to submit to ABICF a timely, signed, and sworn proof of loss, stating the total amount being claimed, along with an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss, accompanied by all bills, receipts, and related documents within 60 days of any loss to the Property. *See* Rec. Doc. 13-3 at 2.

On August 5, 2017, the Property was damaged during a flood. *See id*. Accordingly, plaintiff's deadline for submitting his proof of loss was October 4, 2017. See Rec. Doc. 13-1 at 4. Soon after the Property was damaged, plaintiff submitted a claim to ABICF. *See* Rec. Doc. 13-3 at 2. On August 11, 2017, ABICF sent an adjuster to conduct an inspection of the Property. *See* Rec. Doc. 19 at 1. On August 14, 2017, ABICF made an initial payment on plaintiff's claim. *See id*. On August 17, 2017, plaintiff purchased two new water heaters for the Property. *See id*. On August 19, 2017, the adjuster completed his estimate. *See id*. Plaintiff immediately noticed that the estimate alleged that the two water heaters were not covered by the NFIP policy. *See id*. at 2.

American Bankers denied plaintiff's full claim for coverage of damages of the Property. *See* Rec. Doc. 13-3 at 2. Through counsel, plaintiff advised ABICF that he disputed the completeness of the estimate, and, according to plaintiff, the parties continued to negotiate to compensate plaintiff for the losses he sustained. *See* Rec. Doc. 19 at 2. Between November 2017 and August 2018, there were at least three occasions in which the parties exchanged correspondences concerning plaintiff's losses. *See id*. at 2-3.

On August 3, 2018, plaintiff filed a petition for breach of contract and damages alleging that defendant ABICF improperly denied his claim, despite his submission of several proofs of loss through independent adjuster defendant Pilot Flood Management

("Pilot").[1] *See* Rec. Doc. 13-1 at 2. ABICF denies that plaintiff submitted any proofs of loss and is entitled to any requested relief. *See id*. at 4.

On January 17, 2019, ABICF filed a motion for summary judgment. *See* Rec. Doc. 13. On February 15, 2019, plaintiff filed a response.[2] *See* Rec. Doc. 19. On February 22, 2019, ABICF filed a reply. *See* Rec. Doc. 21.

**LAW AND FINDINGS**

   **A. Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). *See also TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if the

---

[1] Plaintiff filed this lawsuit in Louisiana state court. Defendants removed the lawsuit to this court on December 13, 2018. *See* Rec. Doc. 13-1 at 2.
[2] Plaintiff's response was filed two days late; however, the Court will still consider the memorandum.

evidence would allow a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248. The court should view all facts and evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros. Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

The movant must point to "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. If and when the movant carries this burden, the non-movant must then go beyond the pleadings and present other evidence to establish a genuine issue. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). "This court will not assume in the absence of any proof that the nonmoving party could or would prove the necessary facts, and will grant summary judgment in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment

in favor of the [non-movant]." *McCarty v. Hillstone Rest. Grp.*, 864 F.3d 354, 357 (5th Cir. 2017).

**B. Defendant's Motion for Summary Judgment**

In 1968, pursuant to the National Flood Insurance Act of 1968, Congress created the NFIP. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). This program makes flood insurance available with large-scale participation by the federal government and some participation by the private insurance industry. *See Thalheim v. Allstate Ins. Co.*, 2003 U.S. Dist. LEXIS 12417, at *4 (E.D. La. 2003). The federal government's participation allows for individuals to obtain flood insurance coverage at or below actuarial rates. *See Gowland*, 143 F.3d at 953; *see also Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015)("Congress created the NFIP to provide flood-insurance coverage at affordable rates.").

The NFIP is operated by the Federal Emergency Management Agency ("FEMA"). *See id*. FEMA can issue flood polices directly or through private insurers known as WYO companies. *See id*. The terms and conditions of all federally issued polices, whether directly or indirectly issued, are fixed by FEMA. *See id*.; *see also Thalheim*, 2003 U.S. Dist. LEXIS 12417, at *4 ("Under [FEMA] regulations, strict adherence is required to all terms of the SFIP.").

"Policies must be issued in the form of a [SFIP] and no provision of the policy can be altered, varied, or waived without

the express written consent of the Federal Insurance Administrator." *Gowland*, 143 F.3d at 953. All SFIPs, including the one in this case, state that within 60 days of a loss, the insured must submit a sworn proof of loss, which is the amount the insured is claiming under the policy. *See* 44 C.F.R. Pt. 61, App. A(1), art. 9(J)(3)(d) (2000). If the insured fails to provide a timely sworn proof of loss statement, FEMA or the WYO company is relieved of its obligation to pay what otherwise might be a valid claim. *See Thalheim*, 2003 U.S. Dist. LEXIS 12417, at *5. It is well-established in this Circuit that a plaintiff's complaint must be dismissed if the plaintiff failed to comply with the proof of loss requirement of the SFIP. *See id.* citing to *Forman v. Federal Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998) and *Gowland*, 143 F.3d at 954.

Plaintiff has failed to present evidence to establish a genuine issue of material fact as to whether he complied with the proof of loss requirement stated in his SFIP. With that, there is no genuine issue of material fact as to whether ABICF is relieved of any obligation to pay plaintiff's claim under the SFIP.

Plaintiff argues that ABICF's continued communication with him, along with their August 14, 2017, tendering of insurance proceeds, can only be interpreted to mean that ABICF received a timely proof of loss from plaintiff. *See* Rec. Doc. 19 at 7. 90 days after the loss, ABICF responded with a copy of their own proof of

loss and asked plaintiff to verify the contents of the same. *See id*. at 2. 270 days and 300 days after the loss, ABICF continued to correspond with plaintiff concerning his claim. *See id*. at 3. Plaintiff argues the timeline of continued communication[3] along with ABICF's failure to mention that it was denying his claim because he failed to timely submit a proof of loss establish a genuine issue of material fact as to whether plaintiff timely submitted proof of loss. *Id*.

In *Gowland*, 143 F.3d at 951, the Fifth Circuit affirmed the Western District of Louisiana's decision to grant an insurance company's motion for summary judgment on the basis that the plaintiffs failed to file the requisite proof of loss. *See id*. at 952. Plaintiffs in *Gowland* acknowledged they never filed a formal proof of loss, but unsuccessfully argued that the insurance company waived the proof of loss requirement by repeatedly re-opening their claim after the 60-day deadline and failing to mention the proof of loss requirement as a basis for denial. *See id*. at 954.

Plaintiff here is not conceding that he failed to submit a proof of loss. He contends that ABICF continued to correspond with him after the 60-day deadline for filing of a proof of loss, without mentioning that it was denying the claim because he failed to timely submit a complete proof of loss. *See* Rec. Doc. 19 at 2-3. Binding Fifth Circuit precedent requires a finding that plaintiff's

---

[3] Plaintiff refers to the communication as negotiations. *See* Rec. Doc. 19 at 2.

argument does not defeat summary judgment. *See Gowland*, 143 F.3d at 954 (finding plaintiff's waiver argument devoid of merit).

Furthermore, ABICF's adjuster's estimate and the documentation plaintiff attached as exhibits do not defeat summary judgment. *See* Rec. Doc. 19-1 at 1; *see also* Rec. Doc. 19. Contrary to plaintiff's belief, ABICF's adjuster's estimate does not create a genuine issue of material fact as to whether he timely submitted proof of loss. *See generally, Paulsen v. State Farm Ins. Co.*, 2008 U.S. Dist. LEXIS 9942, at *14 (E.D. La. 2008) (holding that the report and estimate completed by the hired adjuster did not meet the SFIP's proof of loss requirement). Plaintiff's exhibits do not constitute timely proof of loss. *See McCarty*, 864 F.3d at 357. His exhibits must do more than "undercut" ABICF's assertions. See *Lindsey*, 16 F.3d 616, 618 (5th Cir. 1994); *see also* Rec. Doc 19 at 5. They must create a genuine issue of material fact, and they do not. *See McCarty*, 864 F.3d at 357.

Accordingly, plaintiff's SFIP claims under federal law against ABICF are dismissed. *See Thalheim*, 2003 U.S. Dist. LEXIS 12417, at *5; *see also* 44 C.F.R. Pt. 61, App. A(2)("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy."). Although this result may seem harsh, "[i]t merely expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury." *Gowland*, 143 F.3d at 954; *see also Ferraro*, 769 F.3d at 532 (stating

SFIP policies and payments are a direct charge on the public treasury; therefore, the provision of the SFIP must be strictly construed and enforced).

Plaintiff appears to bring a state-law breach of contract claim of against ABICF and Pilot. *See* Rec. Doc. 1 at 1. Defendant argues that plaintiff's state law claims relate to the handling of his NFIP claim and are therefore preempted as a matter of law. Plaintiff offers no counter argument. The state-based claims sounding under contract law must also be dismissed. *See Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 400 (5th Cir. 2012)(stating that federal law preempts state law claims arising from claims that were handled by a WYO company). However, the question whether there are other viable state law claims for intentional fraudulent misrepresentation and/or misconduct is not before us. Therefore, we decline to exercise supplemental jurisdiction over viable state law claims (i.e., fraud) to the extent that any exist.

New Orleans, Louisiana, this 17th day of July, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE