# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FAUSTO MORAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-13673** |
| **AMERICAN BANKERS INSURANCE CO. OF FLORIDA,** | **SECTION: "B"(1)** |

## ORDER AND REASONS

**IT IS ORDERED** that plaintiff Fausto Moran's motion for new trial, construed under Federal Rule of Civil Procedure 54(b) as a request for reconsideration of a summary judgment ruling is **DENIED**. (See Rec. Docs. 27, 30, 31)

**FACTS AND PROCEDURAL HISTORY**

We adopt the factual findings from the summary judgment ruling at issue, granting defendant American Bankers Insurance Company of Florida, Inc.'s ("ABICF") motion for summary judgment. *See* Rec. Doc. 27.

On August 3, 2018, plaintiff filed a petition for breach of contract and damages alleging that defendant ABICF improperly denied his claim, despite his alleged submission of several proofs of loss through independent adjuster defendant Pilot Flood Management ("Pilot"). *See* Rec. Doc. 13-1 at 2. Defendants ABICF filed a motion for summary judgment as to all claims levied against them on January 17, 2019. Rec. Doc. 13. This Court subsequently granted defendant's motion for summary judgment due to plaintiff's failure to raise a

1

genuine dispute of material fact regarding the submission of a timely Proof of Loss. Rec. Doc. 27 at 8 ("Plaintiff's exhibits do not constitute timely proof of loss. His exhibits must do more than 'undercut' ABICF's assertions. They must create a genuine issue of material fact and they do not.") (internal citations omitted).

**LAW AND ANALYSIS**

Federal Rule of Civil Procedure 54(b) provides the district court with "the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (citing *Melancon v. Texaco, Inc.*, 659 F. 2d 551, 553 (5th Cir. 1981). The district court's discretion is broad when determining whether a motion for reconsideration has merit; however, "it is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Id*. (citing 18b Charles A. Wright et al., Fed. Prac. & Proc. § 4478.1 (2d ed.). "The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment." *Hoffman v. Bailey*, No. 13-5153, 2015 WL 9315785, at *7 (E.D. La. Dec. 23, 2015).

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.

2

2002). Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the Fifth Circuit has "observed that [r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id*. (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. (quoting *Templet*, 367 F.3d at 479). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Ferraro v. Liberty Mut. Ins. Co.*, Case No. 13-4992, 2014 U.S. Dist. LEXIS 148294 at*2-3 (E.D. La. Oct. 17, 2014).

Plaintiff asserts that an improper credibility determination was conducted regarding the affidavit attached to defendant's motion for summary judgment. Rec. Doc. 13-2. However, this Court made no such credibility determination, as plaintiff failed to properly contradict the information set out in defendant's affidavit to create a genuine dispute of material fact. The previously issued Order and Reasons (Rec. Doc. 27) determined that plaintiff's attached exhibits in opposition to defendant's summary judgment, did not create a genuine dispute of material fact. *Id*. at 8. Importantly, it noted that plaintiff's exhibits did not constitute timely Proof of Loss. *Id*. Further, plaintiff's submitted exhibits must do more than undercut, in conclusory fashion, ABICF's assertions. They must create a genuine issue of material fact and they do not. Plaintiff's second request for an assumption or inference of a properly submitted Proof of Loss fails. Admissible material evidence of plaintiff's submission of proof of loss is lacking here.

Plaintiff argues now that a partial payment by defendant on plaintiff's claim supports his contention for inferring timely submission of a proof of loss. This argument fails as courts have consistently held that it is improper to raise an argument that could have been presented in opposition to the initial motion for summary judgment. *Marseilles Homeowners Condominium Ass'n Inc. v. Nat. Ins. Co.*, 542 F.3d 1053, 1059 (5th Cir. 2008)(holding that a district court did not abuse its discretion to deny an opportunity to raise

a claim that "could, and should, have been made before [a] judgment issued."); *Roberts v. Johnson & Johnson, Inc.*, No. CV 16-3991, 2017 WL 2720123, at *2 (E.D. La. June 22, 2017)("Rule 59(e) does not exist to allow Plaintiffs to rehash arguments that were made or could have been made prior to entry of the Order."). Further, Fifth Circuit precedent has consistently rejected similar challenges to Proof of Loss requirements in instances where payments have been previously tendered. *Id*. (*see Marseilles Homeowners Condominium Ass'n, Inc. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir. 2008) and *Richardson v. Am. Bankers Ins. Co. of Florida*, 279 F. App'x 295, 298 (5th Cir. 2008).

Plaintiff did not raise a prematurity argument or need for discovery in his opposition to defendant's summary judgment. Further nothing has been shown to explain why those arguments could not have been presented before the Order and Reasons at issue was issued.

New Orleans, Louisiana this 2nd day of March 2020

_____
SENIOR UNITED STATES DISTRICT JUDGE